

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

GMP:JPL/EMR
F. #2018R00178

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 16, 2020

By E-mail and ECF

Michael Hueston, Esq.
Attorney at Law
16 Court Street, Suite 1800
Brooklyn, New York 11241

Cesar de Castro, Esq.
The Law Firm of Cesar de Castro, P.C.
7 World Trade Center, 34th Floor
New York, New York 10007

      Re:    United States v. Jose Douglas Castellano
               Criminal Docket No. 18-139 (S-5) (LDH)

Dear Mr. Hueston and Mr. De Castro:

      The government writes in response to your March 27, 2020 letter demanding discovery in the above-captioned case, ECF Docket Entry No. 220 ("Def. Ltr."). The government produced discovery to the defendant on March 29, 2019, April 5, 2019, August 29, 2019, November 12, 2020, February 24, 2020 and February 28, 2020, see, e.g., ECF Docket Entry Nos. 124, 152, 160 and 204. To date, the government has produced more than 30,000 pages of documents, records, reports and photographs, as well as numerous videos and cellular telephone extractions.[1] Accordingly, the government has already produced voluminous materials responsive to many of your demands and will continue to furnish materials consistent with its discovery obligations. The government also requests reciprocal discovery from the defendant.

I.    Rule 16 and Other Pretrial Materials

      You have requested eleven categories of documents that you identify as Rule 16 and Other Pretrial Materials. See Def. Ltr. §§ B.1-B.11.

    A.    Oral, Written and Recorded Statements

      With respect to your requests for statements of the defendant, Def. Ltr. §§ B.1, B.2 and B.5 (for example, "[t]he government is requested to permit the defendant and

---

[1] Put another way, to date, the government has produced over 67,000 files, which constitutes over 250 gigabytes of data.

counsel to inspect and copy or photograph any relevant, written or recorded statements made by the defendant . . ."), the government is aware of, and has complied with, its obligations to produce the defendant's statements pursuant to Fed. R. Crim. P. 16(a)(1)(A)-(B). The government has produced and will continue to produce the defendant's statements that are discoverable under Rule 16 of the Federal Rules of Criminal Procedure ("Rule 16"). See, e.g., JDC-000001 (Federal Bureau of Investigation ("FBI") report dated October 24, 2018, which was disclosed to the defendant on March 29, 2019).

With respect to your requests for statements of co-conspirators and other potential government witnesses, Def. Ltr. §§ B.1, B.2 and B.5 (for example, "[t]he defendant requests an opportunity to inspect and copy any and all records, statements, notes of interviews, tape-recording, alleged admissions or confessions, signed or unsigned, oral or written, which are attributed to or were taken from . . . alleged co-conspirators"), such materials are 18 U.S.C. § 3500 material ("§ 3500 material"), which is not discoverable at this time. See Fed. R. Crim. P. 16(a)(2); 18 U.S.C. § 3500. The government will provide you with § 3500 material in accordance with the schedule to be determined by the Court at an appropriate time. Notably, due in large part to the ongoing pre-trial litigation associated with the offenses charged in this case that are subject to the death penalty, there is neither a motion schedule nor trial date at this time.

With respect to your request for "a copy of the Grand Jury testimony" in this case, Def. Ltr. § B.1, pursuant to Rules 6(e) and 16(a)(3) of the Federal Rules of Criminal Procedure, you are not entitled to the materials requested. To the extent such materials become § 3500 material, as noted above, the government will provide you with § 3500 material in accordance with the schedule to be determined by the Court at an appropriate time.

B. Documents and Objects

With respect to your request to "inspect and copy or photograph any and all books, news articles, papers, documents, photographs, tangible objects, buildings or places or copies or portions thereof," Def. Ltr. § B.3, the government is aware of, and has complied with, its obligations to produce documents and objects pursuant to Fed. R. Crim. P. 16(a)(1)(E). As noted above, the government has already produced voluminous materials and will continue to produce documents and objects that are discoverable under Rule 16. Moreover, as indicated in the government's March 29, 2019 letter producing discovery, you may examine the physical evidence discoverable under Rule 16, including original documents, by contacting us to arrange a mutually convenient time.

C. Reports of Examinations and Tests

With respect to your request to "inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments," Def. Ltr. § B.4, the government is aware of, and has complied with, its obligation to produce reports of examinations and tests discoverable under Rule 16(a)(1)(F). The government has produced

2

and will continue to produce reports of examinations and tests discoverable under Rule 16 to you. See, e.g., EDNY-18ST-00000122 to 254 (Ulster County Report of Autopsy of Jonathan Figueroa and autopsy photographs); EDNY-18ST-00031929 to 31932 (FBI Trace Evidence Laboratory Report (Geologically-Derived Materials) regarding Turkey Point State Forest).

    D.    Witnesses

        1.    Identities of Witnesses

You have requested "a designation by the government of those persons it intends to call as witnesses at the trial of this indictment and the addresses of such parties," Def. Ltr. § B.6. You are not entitled to the identities of the government's potential witnesses at this time. See United States v. Bejasa, 904 F.2d 137, 139 (2d Cir. 1990) ("Fed.R.Crim.P. 16 does not require the Government to furnish the names and addresses of its witnesses in general."). The government will provide you with the identities of its potential witnesses and § 3500 material for such witnesses in accordance with the schedule to be determined by the Court at an appropriate time. The government does not intend to disclose the addresses of its lay and cooperating witnesses in this case, because of the safety concerns related to such a disclosure. The government will, however, provide contact information to the defendant's counsel for any such witnesses, upon request, at the time it discloses the identities of those witnesses. Additionally, the government reserves its right to make a motion to the Court in advance of trial requesting a protective order concerning the dissemination of such information.

        2.    Expert Witnesses

You have requested "a summary of [expert] witness' testimony, including the witness' qualifications, opinions and the basis of the witness' opinion, including any reports, studies or other data upon which such expert with rely in giving his/her testimony," Def. Ltr. § B.6. As indicated in the government's March 29, 2019 letter producing discovery, the government is aware of and will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705, and will notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

        3.    Impeachment Material

You have requested various categories of impeachment material with respect to the government's potential witnesses, see Def. Ltr. §§ B.7 (seeking "a written summary of all charges or tax proceedings which could be brought by the government . . . or any other law enforcement or self-regulatory agency, but which have not or may not or which the witness believes have not or may not be brought" with respect to any potential government trial witness "or any member of the immediate family of any such witness"), B.9 (seeking "all documents and other evidence regarding drug and alcohol usage, abuse, and/or dependency by any" potential government trial witness), B.10 (seeking "all documents and other evidence regarding any physical or mental disease, disability, or disorder affecting any" potential government trial witness) and B.11 (seeking "all documents and other evidence

3

regarding any polygraph examination(s) given to any" potential government trial witness). You are not entitled to the disclosure of Giglio v. United States, 405 U.S. 150 (1972) material or § 3500 material at this time. See, e.g., United States v. Nixon, 418 U.S. 683, 701 (1974) ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial"); United States v. Coppa, 267 F.3d 132, 146 (2d Cir. 2001) (noting that Giglio material must be disclosed in sufficient time for defense to use it effectively). As noted above, the government will provide you with § 3500 material in accordance with the schedule to be determined by the Court at an appropriate time. Such is also the case with respect to Giglio material. Indeed, the government already indicated in its March 29, 2019 letter producing discovery that it will furnish § 3500 material and Giglio material in advance of trial.

  E. Trial Exhibits

You have requested that "the government produce a list of exhibits it intends to use at trial," Def. Ltr. § B.8. You are not entitled to a list of the government's potential trial exhibits at this time. See United States v. Galestro, 06-CR-285 (ARR), 2008 WL 2783360, at *19 (E.D.N.Y. July 15, 2008) ("the prosecution [does] not have any obligation under Rule 16 of the Federal Rules of Criminal Procedure to identify the specific [exhibits] it intends to use as evidence"); United States v. Nachamie, 91 F. Supp. 2d 565, 569-70 (S.D.N.Y. 2000) (holding that Rule 16 does not authorize the early designation of trial exhibits). The government will provide you with its exhibits list in accordance with the schedule to be determined by the Court at an appropriate time. As noted above, there is neither a motion schedule nor trial date in this matter.

II. Brady Material

You have requested nine categories of documents that you identify as Brady Material. See Def. Ltr. §§ C.12-C.20.

As indicated in the government's March 29, 2019 letter producing discovery, the government has already informed you that it is not aware of any exculpatory material regarding the defendant, and that the government understands and will comply with its continuing obligation to produce such material as defined by Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Such remains the case.

You also request the immediate disclosure of Giglio material and § 3500 material under the guise of your request for Brady material. See, e.g., Def. Ltr. §§ C.13 (requesting criminal and disciplinary histories of potential government witnesses and their family members), C.15 (requesting drug or alcohol usage and treatment history of potential government witnesses), C.16 (requesting "all information, which may demonstrate an inconsistency or arguable inconsistency with another statement made by a another person or that person; and all information, which may demonstrate a lack of knowledge or denial of knowledge by a witness about the facts of this case of the guilt or innocence of the defendant"), C.14 and C.17 through C.21 (requesting beneficial treatment, or promises thereof, by the government of potential government witnesses), The vast majority of the

4

evidence that you request is "at most impeachment material" but is not "sufficient to meet the standard of prejudice for . . . Brady" material. United States v. Gioeli, No. 08-CR-240 (BMC), 2013 WL 5502953, at *10 (E.D.N.Y. Oct. 1, 2013). As noted above, you are not entitled to the disclosure of Giglio material and § 3500 material at this time. See Nixon, 418 U.S. at 701 ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial"); United States v. Coppa, 267 F.3d 132, 146 (2d Cir. 2001) (noting that Giglio material must be disclosed merely in sufficient time for defense to use it effectively); see also United States v. Morante, 947 F. Supp. 2d 309, 313-314 (E.D.N.Y. 2013) (recognizing that impeachment material "need not be disclosed in response to a demand by a defendant" and that "the law does not require or encourage disclosure of either Giglio or Section 3500 material before trial."). The government will provide you with Giglio material and § 3500 material in accordance with the schedule to be determined by the Court at an appropriate time.[2]

Finally, your request of the government to "disclose the names and addresses of any person whom the government knows to have relevant information regarding the facts of this case," Def. Ltr. § C.12, is overly broad and falls well outside the scope of the government's discovery obligations. See United States v. Ojeikere, 299 F. Supp. 2d 254, 258 (S.D.N.Y. 2004) (denying "defendant's request for disclosure of the names and addresses of individuals interviewed by the Government, but whom the Government does not intend to call as witnesses").

III.   Search, Seizure and Related Material

You have requested "any and all records, schedules, bills or other documents . . . which reflect telephone calls or toll call records or telephone charges over any instrument" owed or used by the defendants. Def. Ltr. § D.22. The government is aware of, and has complied with, its obligations to produce documents and objects pursuant to Fed. R. Crim. P. 16(a)(1)(E). The government has already produced voluminous materials responsive to this request and will continue to produce such documents and objects that are discoverable under Rule 16. See, e.g., EDNY-18ST-00012765 to 13085 (T-Mobile account and call detail records for telephone numbers ending 3538, 7911 and 9103 for the approximate period May 2017 through February 2018); EDNY-18ST-00013227 to 13344 (AT&T account, call and connection detail records for telephone numbers ending 1952, 0068, 1792, 2516 and 3538 for the approximate period October 2017 through February 2018); EDNY-18ST-00013441 to 13444 (T-Mobile account and call detail records for

---

[2] The government also notes that some of the items you request, even if the government is in possession of such information, is not discoverable. See, e.g., Def. Ltr. § C.13 (requesting criminal or administrative disciplinary histories of non-witnesses who merely happen to be an immediate family member of a potential government witness). To that end, while the government remains aware of its discovery obligations, it does not concede the discoverability of all the purported impeachment material that you request.

5

telephone number ending 3538, for the approximate period October 2017 through January 2018).

You have requested "any and all applications (and attendant documents and/or exhibits), affidavits, testimony, inventories and/or orders seeking, granting or denying judicial permission to conduct a physical search of any person or premises." Def. Ltr. § D.23. The government is aware of, and has complied with, its obligations to produce documents and objects pursuant to Fed. R. Crim. P. 16(a)(1)(E). The government has already produced voluminous materials responsive to this request and will continue to produce such documents and objects that are discoverable under Rule 16. See, e.g., EDNY-18ST-00000566 to 968 (sealed affidavit in support of application for search warrants, and sealed search warrants, for 36 Franklin Street, Unit 3, Kingston, NY and 73 Clinton Avenue, Kingston, New, as well as records relating to the execution of those warrants); EDNY-18ST-00031401 to 31424 (sealed affidavit in support of application for a search warrant, and a search warrant for various cell phones seized from defendants Castellano and Ramirez in February 2018). By producing the search warrants associated with a particular search, however, the government does not concede that the defendant has standing to challenge that search. To that end, to the extent that the defendant claims a possessory interest or reasonable expectation of privacy in any of the locations searched or evidence seized, please advise the government of the specific evidence and/or locations.

You have requested "any and all documents, objects or other tangible things which were obtained by virtue of any physical search and/or seizure of any person or place." Def. Ltr. § 24. The government is aware of, and has complied with, its obligations to produce documents and objects pursuant to Fed. R. Crim. P. 16(a)(1)(E). The government has produced or will produce any evidence discoverable under Rule 16 that law enforcement officers seized as a result of a search conducted with or without a warrant. Additionally, the government has produced or will produce law enforcement reports detailing the date, time, location and inventory of items seized pursuant to any such search.[3] See, e.g., EDNY-18ST-00000566 to 968 (sealed affidavit in support of application for search warrants, and sealed search warrants, for 36 Franklin Street, Unit 3, Kingston, NY and 73 Clinton Avenue, Kingston, New, as well as records relating to the execution of those warrants); EDNY-18ST-00032118 to 32127 (copies and photographs of items obtained by the FBI pursuant to the search warrant identified as EDNY-18ST-00000615 through EDNY-18ST-00000619 (36 Franklin Street, Unit 3, Kingston, NY)); EDNY-18ST-00031425 to 31426 (device extraction records for silver LG Virgin Mobile phone, IMEI ending 0031, obtained by the FBI pursuant to the search warrant identified as EDNY-18ST-00031401 through EDNY-18ST-00031424). Moreover, as indicated in the government's March 29, 2019 letter producing discovery, you

---

[3] Although these law enforcement reports fall within the scope of § 3500 material, as a courtesy, the government has elected to disclose certain reports related to seized evidence earlier than it is required to do so under the law. By producing these or other reports early, however, the government does not concede that the defendant is entitled to further early production of materials pursuant to 18 U.S.C. § 3500.

6

may examine the physical evidence discoverable under Rule 16, including original documents, by contacting us to arrange a mutually convenient time.

You have requested the government to "disclose whether any pre-trial identification procedure was used in this case" and, if so, the nature, circumstances and results. Def. Ltr. § D.25. The government will provide a summary of witness identifications of the defendant; however, it will use pseudonyms to identify each witness until the government discloses § 3500 material for that witness. The government is aware of and will comply with its obligation to produce exculpatory material or information under Brady and will provide information responsive to this request regarding identification procedures.

You have requested "any and all information, documents, reports, orders, affidavits, etc., which relate in any way to any 'mail cover' operations." Def. Ltr. § D.26. This request is overbroad, falls outside the scope of Rule 16, and to the extent that this request calls for § 3500 material, you are not entitled to such material at this time. See Fed. R. Crim. P. 16(a)(2) (Rule 16 "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case"). Nevertheless, the government did not utilize any mail covers during the investigation of this matter.

You have requested "any and all information documents, reports, orders, affidavits, etc., which relate in any way to any 'pen register' operations." Def. Ltr. § D.27. The government is aware of, and has complied with, its obligations to produce documents and objects pursuant to Fed. R. Crim. P. 16(a)(1)(E). The government has already produced voluminous telephone call and connection records, some of which are responsive to this request, and will continue to produce such documents and objects that are discoverable under Rule 16. Your request for affidavits, orders and other documents, which "relate in any way" to pen register operations is otherwise overbroad and falls outside the scope of Rule 16. See Fed. R. Crim. P. 16(a)(2) (Rule 16 "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case"); see also United States v. Ulbricht, 858 F.3d 71, 96 (2d Cir. 2017) ("The Supreme Court has long held that a 'person has no legitimate expectation of privacy in information he voluntarily turns over to third parties,' including phone numbers dialed in making a telephone call and captured by a pen register." (quoting Smith v. Maryland, 442 U.S. 735, 743-44 (1979))).

You have requested "any and all photographs (still photography), video recordings or motion pictures which were made in conjunction with this case, or which relate in any manner to this case." Def. Ltr. § D.28. The government is aware of, and has complied with, its obligations to produce documents and objects pursuant to Fed. R. Crim. P. 16(a)(1)(E). The government has already produced voluminous materials responsive to this request and will continue to produce such documents and objects that are discoverable under Rule 16. See, e.g., EDNY-18ST-00000120 (photograph obtained by the FBI of Sojourner

Truth Ulster Landing County Park/Turkey Point State Forest trail map); EDNY-18ST-00032132 to 32145 (post-arrest photographs of defendant and others); EDNY-18ST-00034296 (video surveillance footage obtained by the FBI from the vicinity of 36 Franklin Street, Kingston, New York between approximately February 19 to February 20, 2018).

You have requested "any and all applications, affidavits, orders or other documents which relate to any telescopically enhanced surveillance" and whether "telescopically enhanced surveillance was accomplished without court order." Def. Ltr. § D.29. This request is overbroad, falls outside the scope of Rule 16, and to the extent that this request calls for § 3500 material, you are not entitled to such material at this time. See Fed. R. Crim. P. 16(a)(2) (Rule 16 "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case"). Nevertheless, while the government believes that no such materials exist, please define "telescopically enhanced surveillance."

You have requested "any and all surveillance reports or memoranda with respect to the investigation underlying this case or which relate in any manner to this case." Def. Ltr. § D.30. This request is overbroad and falls well outside the scope of Rule 16. See Fed. R. Crim. P. 16(a)(2) (Rule 16 "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case"). To the extent such materials become § 3500 material, as noted above, the government will provide you with § 3500 material in accordance with the schedule to be determined by the Court at an appropriate time.

You have requested "any and all court-authorized or non-court authorized observations by law enforcement officers of the defendant that were made from: a) airplanes, helicopters or other airborne devices; b) property owned, leased or in which the defendant had a possessory, leasehold or ownership interest." Def. Ltr. § D.31. With respect to aerial observations, the government has already produced all materials in its possession, custody and control that may be responsive to that request. EDNY-18ST-00000121 (aerial video of Sojourner Truth Ulster Landing County Park/Turkey Point State Forest obtained by the New York State Police ("NYSP") on March 1, 2018); EDNY-18ST-00032179 to 32181 (aerial video of Kingston, New York obtained by the FBI on February 14, 2018). With respect to observations made from the defendant's property, while the government believes that no such evidence exists, to the extent that the defendant claims a "possessory, leasehold or ownership interest" or reasonable expectation of privacy in any of the locations searched or evidence seized, please advise the government of the specific evidence and/or locations. Finally, to the extent that this request calls for § 3500 material in the possession of the government, you are not entitled to such material at this time.

IV. <u>Wiretapping, Eavesdropping and Consensual Recordings and Related Materials</u>

You have requested six categories and fifteen subcategories of documents that you identify as Wiretapping, Eavesdropping and Consensual Recordings and Related Materials. <u>See</u> Def. Ltr. §§ E.32-E.37.

As an initial matter, many of these requests are overbroad, fall well outside the scope of Rule 16, and/or call for § 3500 material, which you are not entitled to at this time. Nevertheless, the government did not utilize any Title III wiretap orders in which the defendant was named and/or pursuant to which he was intercepted. <u>See</u> 18 U.S.C. § 2510(11) (defining "aggrieved person" to be "a person who was a party to any intercepted wire, oral, or electronic communication or a person against whom the interception was directed"). Similarly, the government did not consensually record or otherwise intercept or record electronic communications of the defendant.[4]

With respect to your request for records obtained pursuant to 18 U.S.C. § 2703, <u>see</u> Def. Ltr. § E.37(o), the government has already produced materials responsive to this request and will continue to produce such documents and objects that are discoverable under Rule 16. <u>See</u>, <u>e.g.</u>, EDNY-18ST-00000356 to 508 (AT&T historical cell site, account, and call detail records for telephone number ending 1782 for the period October 22, 2017 through October 28, 2017, obtained pursuant to 18 U.S.C. § 2703(d)); EDNY-18ST-00032211 to 33162 (application and order pursuant to 18 U.S.C. § 2703(d) for historical cell tower usage data for various locations throughout New York City and Kingston between October 24, 2017 and October 25, 2017, as well as records obtained from Sprint, T-Mobile, Verizon Wireless and AT&T pursuant to the order).

V. <u>Miscellaneous Materials</u>

You have requested six categories and sixteen subcategories of documents that you identify as Miscellaneous Materials. <u>See</u> Def. Ltr. §§ F.38-F.44.

A. <u>Criminal Histories, Co-Conspirators and Other Bad Acts</u>

You have requested the "prior criminal record, if any, of the defendant and alleged co-conspirators . . . ." Def. Ltr. § F.38. On March 29, 2019, the government provided you with the defendant's criminal history report, <u>see</u> JDC-000023 to 30. Under Rule 16 you are not entitled to the prior criminal records, if any, of any third parties

---

[4] Out of an abundance of caution, the government notes that "[p]en registers do not 'intercept' because they do not acquire the 'contents' of communications, as that term is defined by 18 U.S.C. § 2510(8)." <u>United States v. New York Tel. Co.</u>, 434 U.S. 159, 167 (1977).

9

including co-conspirators.[5] However, to the extent such records become <u>Giglio</u> material, as noted above, the government will provide you with <u>Giglio</u> material (and § 3500 material) in accordance with the schedule to be determined by the Court at an appropriate time.

You have requested notice of the government's intention to offer evidence pursuant to Rule 404(b) of the Federal Rules of Evidence ("Rule 404(b)"). <u>See</u> Def. Ltr. § F.40; <u>see also</u> <u>id.</u> § F.38 (requesting "a statement of the use, if any, the prosecution intends to make of [criminal history] records at trial."). The government will provide reasonable notice in advance of trial of any such evidence the government intends to offer, as is required by Rule 404(b). Notably, the Court has not yet set a schedule for pre-trial motions, which would include the government's motion to admit Rule 404(b) evidence at trial.

You have requested "a list of the names, aliases, and addresses of each and every unindicted co-conspirator known to the government." Def. Ltr. § F.41. The government is not obligated to create such a list or to disclose such a list, should it exist. <u>See</u> <u>Ojeikere</u>, 299 F. Supp. 2d at 261 ("[D]emands for particular information with respect to where, when, and with whom the Government will charge the defendant with conspiring are routinely denied"); <u>see also</u> Fed. R. Crim. P. 16(a)(2).

You have requested notice "of the existence of and its intended use of any statement made by any defendant inculpating any other defendant, the use of which as evidence would raise [] issues" under <u>Bruton v. United States</u>, 391 U.S. 123 (1968). Def. Ltr. § F.42. Statements of third parties constitute § 3500 material, are not discoverable under Rule 16, <u>see</u> <u>United States v. Percevault</u>, 490 F.2d 126, 130 (2d Cir. 1974), and this request is "simply another way of seeking disclosure of the Government's witness list, or a request that the Government provide a bill of particulars identifying co-conspirators," which is not appropriate. <u>See</u> <u>Ojeikere</u>, 299 F. Supp. 2d at 259.[6] Nevertheless, should the government seek to admit at a joint trial admissions of a non-testifying defendant, which specifically inculpate a co-defendant, the government will provide reasonable notice in advance of trial of any such evidence the government intends to offer.

B. <u>Grand Jury Material</u>

You have requested sixteen categories of information "concerning the administration and procedures utilized in conducting the underlying grand jury investigation." Def. Ltr. § F.39(a)-(p). Not only are these records not discoverable under Rule 16, but their disclosure is prohibited under Rule 6(e) of the Federal Rules of Criminal Procedure ("Rule 6(e)").

---

[5] To the extent such criminal history records exist, they have been or will be produced to each defendant individually.

[6] To the extent such statements exist, they have been or will be produced to each defendant individually.

C.   Hypnosis and Internal Government Correspondence

You have requested the government to "[s]tate whether any witness or prospective witness was hypnotized" and "[i]f so, describe the circumstances surrounding the hypnosis and provide copies of the video and/or tape recordings used to memorialize the hypnotic procedure." Def. Ltr. § F.43. As an initial matter, you are not entitled to Giglo material or § 3500 material at this time. Nevertheless, the government did not utilize any hypnosis during the investigation of this matter.

You have requested "all correspondence and memoranda of agencies and organizations that participated in the investigation resulting in the instant indictment, to the extent that such correspondence and memoranda reflect non-privileged factual matter and witnesses statements." Def. Ltr. § F.44. Rule 16 explicitly excludes as "not subject to disclosure" any reports, memoranda or other government documents "made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2). Moreover, you are not entitled to witness statements at this time. 18 U.S.C. § 3500.

VI.   Bill of Particulars

You have requested a bill of particulars. Def. Ltr. § G. You are not entitled to a bill of particulars because the defendant has been "adequately informed of the charges against him and [will not be] not unfairly surprised at trial." United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990) (citations omitted), abrogated on other grounds by United States v. Marcus, 628 F.3d 36, 41 (2d Cir. 2010). An indictment is adequate where, as here, "it contains the elements of the offense, sufficiently apprises the defendant of what he must be prepared to meet, and is detailed enough to assure against double jeopardy." United States v. Salazar, 485 F.2d 1272, 1277 (2d Cir. 1973) (citations omitted). Here, the indictment sets forth the elements of each of the charges against the defendant. It is therefore sufficiently specific to put him on notice of the charges against which he must defend and is detailed enough to assure against double jeopardy.

Moreover, your request for a bill of particulars is not sufficient and amounts to a demand for the "whens", "wheres" and "with whoms" of the allegations against him. However, the "purpose of a bill of particulars is not to disclose the "whens," "wheres" and "with whoms" of the allegations." United States v. Nekritin, 10-CR-491 (KAM), 2011 WL 1674799, *4-5 (E.D.N.Y. May 3, 2011). "Nor is the government required to 'disclose the manner in which it will attempt to prove the charges, the precise manner in which the defendant committed the crime charged, or a preview of its evidence or legal theories." Id.; see also United States v. Feola, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987). Courts have repeatedly held that "[a] bill of particulars may not be used by the defense as a fishing expedition or to force the government to reveal all its evidence before trial." United States v. Taylor, 17 F. Supp. 3d 162, 178 (E.D.N.Y. 2014); accord Torres, 901 F.2d at 234 ("Acquisition of evidentiary detail is not the function of the bill of particulars.") (citation

11

omitted); United States v. Santoro, 647 F. Supp. 153, 188 (E.D.N.Y. 1986) (bill of particulars "is not to be used . . . to force the government to disclose its evidence . . . or its legal theory" (citations omitted)). The government also notes that numerous courts have held that in order to obtain a bill of particulars, a defendant must show a need for each of the particulars demanded and explain how the denial of each request will prevent him from identifying the specific crimes for which he is charged, which you have not done here.

Finally, the cases cited in your letter are distinguishable from the instant case and do not support your request for a bill of particulars. For example, in United States v. Davidoff, 845 F.2d 1151, 1154 (2d Cir. 1988), the Second Circuit held that a trial court erred in denying a defendant's motion for a bill of particulars regarding additional extortion schemes that were not specified in the indictment when the government presented evidence of those schemes at trial. Similarly, in United States v. Bortnovsky, 820 F.2d 572, 575 (2d Cir. 1987), the Second Circuit held that a trial court erred in denying a defendant's motion for a bill of particulars when the defendant was charged with submitting false insurance claims and the government did not specify prior to trial which insurance claims, out of several, were false. By contrast, in this case, the government does not intend to prove allegations of murder conspiracies or other racketeering acts other than those alleged in the indictment and, as noted above, the government will file a Rule 404(b) motion in advance of trial setting out any "other crime" evidence not specifically described in the indictment. See United States v. Barrera, 950 F. Supp. 2d 461, 479 (E.D.N.Y. 2013) (distinguishing Davidoff and holding that no bill of particulars was required when the government did not intend to prove allegations of murder conspiracies other than those in the indictment, and when the government represented that it intended to file a pre-trial Rule 404(b) motion). Under these circumstances, a bill of particulars is not required.

VII.  Mitigating and Aggravating Factors

You have requested nine categories of documents and information that you identify as relating to mitigating and aggravating factors "that may be considered by your Office, the Capital Case Committee and the Attorney General in determining whether to seek the death penalty against Mr. Castellano." See Def. Ltr. §§ H.1-H.9.

Many of these requests are overbroad, fall well outside the scope of Rule 16 and/or call for § 3500 material, which you are not entitled to at this time. See Fed. R. Crim. P. 16(a)(2) (Rule 16 "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case"); 18 U.S.C. § 3432 (requiring the government, in capital cases, to produce its witness list no later than three days prior to the start of trial, unless "the court finds by a preponderance of the evidence that providing the list may jeopardize the life or safety of any person"); see also United States v. Wilson, 493 F. Supp. 2d 364, 377 (E.D.N.Y. 2006) (discussing and quoting 18 U.S.C. § 3593(a)(2) of the Federal Death Penalty Act of 1994 ("FDPA"), "the notice provision of the FDPA states that the Government must provide notice 'setting forth the aggravating factor or factors that the government, if the defendant is convicted, proposes to

12

prove as justifying a sentence of death . . . .'" There is no mention of providing notice of the specific evidence that will prove the factors"); United States v. James, 02-CR-778 (SJ) (CLP), 2007 WL 914242, at *6 (E.D.N.Y. Mar. 21, 2007) ("a defendant is not entitled to pretrial discovery of the government's evidence in support of the aggravating factors" (quotation and citation omitted)).[7] Additionally, as noted above, the government is aware of and will comply with its obligation to produce exculpatory material or information under Brady.

       Nevertheless, the government has already produced evidence which may be responsive to one or more these requests, see, e.g., EDNY-18ST-00034835 to 34867 (records relating to the defendant's February 2018 arrest by the Hempstead, New York, Police Department and extradition to Frederick County, Maryland, as well as records relating to his subsequent conviction in Frederick County); JDC-000089 to 126 (records obtained from the Frederick County, Maryland, Sheriff's Office, Corrections Bureau, including, among other things, incident reports, disciplinary records and a visitation log), and will continue to produce such documents and objects that are discoverable under Rule 16.[8] While the government has and continues to err on the side of disclosure, in the event that the government files notice of intent to seek the death penalty against the defendant, pursuant to 18 U.S.C. § 3593(a), acknowledging that there is a "qualitative difference" to a capital case, California v. Ramos, 463 U.S. 992, 998 (1983), the government will promptly reevaluate

---

       [7] Taken together and in context, your requests also appear to call for information that is protected by attorney-client privilege, the attorney work-product doctrine and/or the deliberative process privilege. See United States v. Edelin, 128 F. Supp. 2d 23, 39-40 (D.D.C. 2001) ("Simply put, the defendant is not entitled to probe into the opinions, recommendation, or decisions of the United States Attorney and the Attorney General." (citations omitted)). Indeed, at least one of these requests, Def. Ltr. § H.9 (requesting "[a]ny evidence and information relating to any non-statutory aggravating factors which your Office has asked or intends to ask the Attorney General to consider in deciding whether to seek the death penalty"), appears to explicitly call for privileged information.

       [8] Although these materials may fall outside the scope of Rule 16, the government has elected to disclose these materials as a courtesy and out of an abundance of caution. By producing such material, however, the government does not concede that, at this time, the defendant is entitled to the production of material beyond what is called for in Rule 16 (or Brady and its progeny), and does not waive any privilege it may have with respect to any documents subject to the attorney-client privilege, the attorney work-product doctrine, the deliberative process privilege or any other recognized legal privilege.

13

whether any materials and information, which by then have not been produced, should be produced and do so in a timely manner.

                                    Very truly yours,

                                    RICHARD P. DONOGHUE
                                    United States Attorney

By:              /s/
               Jonathan P. Lax
               Erin Reid
               Assistant U.S. Attorneys
               (718) 254-6139/6361

cc:      Clerk of the Court (LDH) (by ECF)